UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

                        Case No. 3:17-cr-240

    v.

JEFFREY OLSON                   ORDER ON MOTION FOR
                                            SENTENCE REDUCTION UNDER
    Defendant                    18 U.S.C. §3582(c)(1)(A)
                                              (COMPASSIONATE RELEASE)

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. §3582(c)(1)(A), **(Doc. 118)**, and addendum, **(Doc. 129)**, and after considering the applicable factors provided in 18 U.S.C. §3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion is:

☐    GRANTED

☐    The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐    Time served.

If the defendant's sentence is reduced to time served:

☐    This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall

   be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended, or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. §3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

X DENIED after complete review of the motion on the merits.

X FACTORS CONSIDERED (Optional)

After Olson pled guilty to wire fraud under 18 U.S.C. §1343, bank fraud under 18 U.S.C. §1344, and one count of attempted bank fraud under 18 U.S.C. §§1344 and 1349, on March 26, 2019, the court imposed a 120-month concurrent prison sentence on him, followed by three years of supervised release. (Doc. 92). Since the underlying facts of Olson's arrest and conviction as well as the background in this case are detailed in the government's brief, (Doc. 122 at 3), in the court's January 30, 2019 Memorandum denying Olson's motion to withdraw his guilty plea, (Doc. 72), and in the Third Circuit's April 3, 2020 Opinion, (Doc. 100-1), regarding Olson's appeal, they are not repeated herein. Suffice to say that Olson, an inmate confined at FCI Schuylkill Camp, Minersville, Pennsylvania, filed his second Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A), requesting his immediate transfer from prison to home confinement due to his medical conditions and the COVID-19 pandemic. Olson has now exhausted his BOP administrative remedies. The court has considered the filings of the parties regarding Olson's instant motion, (Doc. 118), including the briefs and exhibits as well as defendant's letters to the court.

First, the defendant has plausibly shown extraordinary and compelling reasons for compassionate release. Olson is currently 59 years and 11 months old. Olson alleges that he has hypertension, neurologic conditions, atrial fibrillation, cardiomyopathy, coronary artery disease, a kidney issue, and growths on his adrenal gland and thyroid as well as obesity (BMI 36.2), and that these conditions render him susceptible to suffer serious complications or death if he contracts the

3

Covid-19 virus. Olson's BOP medical records show that he has been diagnosed with the stated conditions. Also, "[c]onsidering his age and multiplicity of health concerns, in particular his chronic heart disease, high blood pressure, obesity, …, the Court finds that [Olson's] condition qualifies as an extraordinary or compelling reason for release during the COVID-19 pandemic." U.S. v. Mainor, 2021 WL 183309, *2 (E.D. Pa. Jan. 19, 2021). "The [CDC] has identified heart disease, being a current or former smoker, and obesity as underlying medical conditions that place a person at an increased risk of severe illness in the event of a COVID-19 infection." *Id*. (citing People Who Are At Higher Risk, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html). Further, "[t]he CDC … suggests that having high blood pressure might increase the risk of severe illness from COVID-19" particularly, in the 50-64-year-old age bracket. *Id*. Additionally, there are currently 267 inmate positive COVID-19 cases at the prison and 9 staff positive cases, and 247 inmates and 31 staff have recovered from the virus. Olson also alleges that on December 23, 2020, the prison camp was closed after 67% of the inmates tested positive for the virus, and he states that the inmates were transferred to prison's medium facility. In his addendum, Olson states that the prison has had another "massive outbreak" of COVID-19 and that the prison is not taking proper steps to contain the virus. He also admits that the prison has started to give the vaccine to some inmates, but he contends that he cannot take the vaccine due to his allergies to most medications. Nonetheless, Olson does not allege that he has contracted the virus.

Even though Olson has plausibly met his burden by demonstrating extraordinary and compelling reasons for his release, based on his medical conditions considered in combination, *see* Mainor, *supra*, in analyzing the applicable factors set forth in 18 U.S.C. §3553(a), they weigh against immediately releasing him from prison to serve the remainder of his sentence on home confinement. The court recognizes that Olson has no disciplinary actions filed against him during his 42 months of imprisonment, that he has taken several classes in prison, and that he has a full time job. However, Olson has not yet served 50% of his sentence. Olson's advisory guidelines range was 110 to 137 months' imprisonment, PSR ¶78, and he received a sentence on the lower end of the range. Olson's projected release date from prison is not until October 20, 2026. Also, considering the seriousness of Olson's underlying fraud convictions, his ability to care for himself in the prison, (Doc. 122, Ex. A), and the ability of FCI Schuylkill to provide treatment for defendant's medical conditions, as reflected in his extensive medical records, (Doc. 124), and the fact that Olson has tested negative for COVID-19 on two occasions, (Doc. 124-1 at 18), his request for compassionate release will be denied.

Initially, as the government indicates, Dr. Mace-Leibson, D.O., performed a medical review of Olson when he submitted a request to the warden and "opined

4

that Olson was healthy upon physical examination, with a good prognosis." (Doc. 122 at 2) (citing Doc. 124, at 1-5).

As the government summarizes, (Doc. 122 at 18-19), in its opposition brief:

> Olson has served approximately three years of his ten-year sentence. The nature and circumstances of his offense and Olson's long history of fraudulent acts demonstrate the need for Olson to remain incarcerated for the full term of his sentence. Although the crimes were not violent and did not cause physical injury to the victims, the financial and emotional injury that Olson caused and has repeatedly and unremorsefully caused in the past is immeasurable. This is the third time Olson preyed on trusting victims in order to unlawfully obtain money for his own personal use. Olson had recently been released to supervision when he initiated this criminal scheme.
>
> Importantly, this was not the first time Olson was on federal supervised release when he committed a scheme to defraud. In 2011, Olson was convicted of wire fraud while on federal supervised release for a prior fraud and tax evasion conviction. PSR ¶¶50-51. Olson has repeatedly demonstrated a lack of respect for the law.

The court finds that defendant Olson still poses a danger to the safety of the community based on the serious nature of his current fraud convictions as well as his criminal history. Even though Olson shows some signs of remorse in his instant filings, the court denies his motion based on the need for this defendant to serve additional prison time to deter him from continuing his criminal conduct based upon his "criminal history that includes multiple convictions for fraud while on supervised release."

☐   DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. §3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

*s/ Malachy E. Mannion*

Malachy E. Mannion,
U.S. DISTRICT JUDGE

**Dated: March 1, 2021**
17-240-12